UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Pal Family Credit Co., Inc.,**
        **Appellant,**
     **-v-**            **1:08-CV-656**
**County of Albany,**
         **Respondent**
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Pal Family Credit Co., Inc.,**
         **Appellant,**
     **-v-**            **1:08-CV-657**
**Ticor Title Insurance Co.,**
         **Respondent**
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Pal Family Credit Co., Inc.,**
         **Appellant,**
     **-v-**            **1:08-CV-720**
**County of Albany and Diana G. Adams, Acting**
**United States Trustee,**
         **Respondents**
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Three Real Estate Holding Co.,**
         **Appellant,**
     **-v-**            **1:08-CV-721**
**County of Albany and Diana G. Adams, Acting**
**United States Trustee,**
         **Respondents**
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Pal Family Credit Co., Inc.,**
         **Appellant,**
     **-v-**            **1:08-CV-722**
**County of Albany,**
         **Respondent**
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Pal Family Credit Co., Inc.,**
         **Appellant,**
     **-v-**            **1:08-CV-825**
**Richard H. Weiskopf,**
         **Respondent**
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:
Bernard Weinreb, Esq.
P.O. Box 1126
286A N. Main Street
Spring Valley, New York 10977
Attorney for Appellants in all appeals

Albany County Department of Law
Tonia L. Summers, Esq.
112 State Street, Room 900
Albany, New York 12207-2021
Attorney for County of Albany, Respondent in 1:08-CV-656,
1:08-CV-720, 1:08-CV-721. 1:08-CV-722

Herrick, Feinstein LLP
Gary F. Eisenberg, Esq., of counsel
2 Park Avenue
New York , New York 10016
Attorney for Ticor Title Insurance Co., Respondent in
1:08-CV-657

Office of United States Trustee
Kevin J. Purcell, Esq.
74 Chapel Street, Suite 200
Albany, New York 12207
Attorney for Diana G. Adams, Acting United States Trustee,
Respondent in 1:08-CV-720, 1:08-CV-721

O'Connell & Aronowitz, P.C.
Richard H. Weiskopf, Esq., of counsel
54 State Street, 9th Floor
Albany , New York 12207
Attorney for Richard H. Weiskopf, Esq., Respondent in 1:08-CV-825

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Presently before the Court are appeals from orders by Hon. Robert E. Littlefield, Jr.,

United States Bankruptcy Judge, in three jointly administered chapter 11 bankruptcy proceedings,

*In re Pal Family Credit Co., Inc*. ("Pal Family Credit"), Case No. 06-12647; *In re Rachel Pal*

*Family Trust* ("Rachel Pal"), Case No. 06-12839; and *In re Universal Gardens, Inc*. ("Universal

Gardens"), Case No. 06-12648 (collectively, "Pal bankruptcy cases" involving the "Pal debtors"); as well as in a chapter 11 proceeding involving a related debtor, *In re Three Real Estate Holding Co.* ("Three Real Estate"), Case No. 08-10825.

The appeals presently before the Court are as follows:

1. <u>1:08-CV-656</u>, *Pal Family Credit Co., Inc. v. County of Albany*, is an appeal from Judge Littlefield's May 15, 2008 order denying a motion for a stay in all four bankruptcy proceedings and an adversary proceeding, *In re Pal Family Credit Co., Inc. v. County of Albany*, Adv. Proc. No. 06-90241.

2. <u>1:08-CV-657</u>, *Pal Family Credit Co., Inc. v. Ticor Title Ins. Co.*, seeks review of Judge Littlefield's order dated May 15, 2008, dismissing for failure to prosecute an adversary proceeding entitled, *Pal Family Credit Co., Inc. and on behalf of Pal Family Trust 12/26/79 v. Ticor Title Insurance. Co., Ticor Title Guarantee Co., and the Estate of Errol Blank, Esq.*, Adv. Proc. No. 07-90110.

3. <u>1:08-CV-720</u>, *Pal Family Credit Co., Inc. v. County of Albany and Diana G. Adams, Acting United States Trustee*, is an appeal by the three Pal debtors from Judge Littlefield's order of April 14, 2008, dismissing with prejudice for 180 days all four chapter 11 cases.

4. <u>1:08-CV-721</u>, *Three Real Estate Holding Co. v. County of Albany and Diana G. Adams, Acting United States Trustee*, is an appeal by Three Real Estate from Judge Littlefield's April 14, 2008 order dismissing with prejudice for 180 days all four chapter 11 cases.

5. <u>1:08-CV-722</u>, *Pal Family Credit Co., Inc. v. County of Albany*, is an appeal by the debtors in the Pal cases from the May 2, 2008 order of Judge Littlefield dismissing the adversary proceeding *In re Pal Family Credit Co., Inc. v. County of Albany*, Adv. Proc. No. 06-90241, based on the dismissal of the underlying bankruptcy cases.

6. <u>1:08-CV-825</u> is an appeal from an order dated June 24, 2008, by Judge Littlefield approving the final fee application of O'Connell & Aronowitz, P.C. for services performed for the debtors by Richard H. Weiskopf, Esq. in the three Pal bankruptcy cases and the adversary proceeding, *In re Pal Family Credit Co., Inc. v. County of Albany*, Adv. Proc. No. 06-90241.

As explained below, the Court affirms all orders on appeal.

**STANDARD OF REVIEW**

A reviewing court may set aside findings of fact made in a bankruptcy proceeding only if

they are "clearly erroneous." Fed. R. Bankr. P. 8013. A bankruptcy court's conclusions of law are subject to *de novo* review. *See In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003). Mixed questions of fact and law are subject to *de novo* review. *See id.* Finally, matters of discretion are reviewed for abuse of discretion. *See Capital Communications Fed. Credit Union v. Boodrow*, 126 F.3d 43, 47 (2d Cir. 1997).

## DISCUSSION

### Appeal Nos. 1:08-CV-720 and 1:08-CV-721

The Court first addresses the two appeals listed as Nos. 3 and 4 above, *Pal Family Credit Co., Inc. v. County of Albany and Diana G. Adams, Acting U.S. Trustee*, 1:08-CV-720, and *Three Real Estate Holding Co. v. County of Albany and Diana G. Adams, Acting U.S. Trustee*, 1:08-CV-721. These appeals challenge Judge Littlefield's April 14, 2008 order dismissing with prejudice for 180 days all three Pal cases and the related Three Real Estate case. For the reasons set forth below, the order is affirmed.

All three Pal debtors and the Three Real Estate debtor have principals in common.[1] As the Trustee points out, between 1994 and 2008, a total of 12 bankruptcy cases (six of them filed by Pal Family Credit) have been filed by the four present debtors and by related debtors. Eleven of the 12 cases involve the same parcel of real property, 348-350 Albany Hill Road, Rensselaerville, New York ("Albany Hill property"), in which the Pal debtors held fractional interests. As a result of a tax foreclosure proceeding by Albany County on April 1, 2005, they no longer hold title; thus, the Pal debtors' primary asset is the adversary proceeding, *Pal Family Credit Co., Inc. v.*

---

[1] For example, in an affirmation dated April 8, 2008, Sidney Pal stated that he was a vice president of all four debtors. In a letter to Judge Littlefield dated May 6, 2008, Shaari Senter, the daughter of Sidney and his wife Tamara Pal, stated that she was a vice president of all four debtors.

*County of Albany*, Adv. Proc. No. 06-90241, in which they seek to set aside as fraudulent the conveyance to Albany County on the ground that the value of the property far exceeded the amount of taxes owed.² The Trustee characterizes these 11 bankruptcy cases as "all focus[ing] on avoiding the loss of 348-350 Albany Hill Road ... or recovering it from Albany County." The twelfth bankruptcy case is the Three Real Estate case, a single-asset real estate case involving the residence of Sidney and Tamara Pal, 1 Lenore Avenue, Monsey, New York ("Lenore Avenue property").

The Trustee contends that the record establishes cause for dismissal with prejudice under section 1112 of the Bankruptcy Code, 11 U.S.C. § 1112 ("section 1112"). Section 1112(b)(1) provides in pertinent part:

> [O]n request of a party in interest, and after notice and a hearing ... the court **shall** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, **if the movant establishes cause**. (Emphasis added.)

Specifically, the Trustee contends that cause is established based on two factors expressly listed in section 1112, other unlisted factors, and evidence of the debtors' bad faith.

The two expressly listed factors upon which the Trustee relies are section 1112(b)(4)(E) (failure to comply with an order of the court), and section 1112(b)(4)(F) (unexcused failure to satisfy timely any filing or reporting requirement established by statute or rule).³ The Trustee cites to the record, which demonstrates that the debtors have failed to file and/or serve accurate and timely monthly operating reports and bank statements as required by court order and 11

---

² Judge Littlefield's May 2, 2008 order dismissing this adversary action is the subject of the appeal in *Pal Family Credit Co., Inc. v. County of Albany*, 1:08-CV-722, discussed below.

³ The Trustee also argued before Judge Littlefield that cause existed based on section 1112(b)(4)(H) and (J); however, in responding to the appeal the Trustee does not rely on these two provisions.

U.S.C. § 704(a)(8).

The Trustee also relies on factors not expressly set forth in the statute. It is well established that the section 1112(b)(4) list of factors "is illustrative, not exhaustive." *In re C-TC 9th Ave. Partnership*, 113 F.3d 1304, 1311 (2d Cir. 1997). The Court is authorized "to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." *Id.* at 1311, n.5 (quoting House Report No. 95-595, 95th Cong., 1st Sess. at 405-6, U.S.Code Cong. & Admin. News 1978, pp. 5787, 6363-64; additional citation omitted). The Trustee contends that cause for dismissal is established by, *inter alia*, the following factors: the debtors' principals' serial filings of 12 bankruptcy cases between 1994 and 2008, all but one of which concern the Albany Hill property, and which form "an epic of delay and obfuscation"; the schedules and other sworn statements submitted in these cases by the debtors' principals, which contain gross inconsistencies and demonstrate the "self-serving" nature of the statements; and irreconcilable inconsistencies between certain sworn filings in the Pal Family Credit case and certain filings signed by the same individuals in the Three Real Estate case, which demonstrate a "blatant attempt to manipulate or not accurately report facts." These factors are fully supported by the record.

And finally, the Trustee contends that the record establishes the debtors' bad faith, based on the following: the debtors have filed numerous cases and have submitted filings containing significant self-serving factual inconsistencies; in 11 of the 12 cases, the debtors essentially have only one asset, their claim against Albany County[4]; in the twelfth case, Three Real Estate has only

---

[4] Pal Family Credit claims that (prior to the tax foreclosure) it held a 50% interest in the Albany Hill property worth $1.5 million. The only other assets it claims are paintings and household furniture it values at $368,000.

one asset, the Lenore Avenue property, which is the subject of a foreclosure action by the sole secured creditor[5]; the debtors have few unsecured creditors, whose claims (apart from insiders' claims) are relatively small as compared to the claims of the secured creditors[6]; the debtors' financial problems are essentially two-party disputes that can be resolved in state court; the timing of the filings demonstrates an intent to delay and frustrate the creditors' legitimate efforts to enforce their rights; the debtor entities have no income or expenses; the debtor entities have no employees; and there is no reasonable likelihood that the debtor entities intended to reorganize. *In re C-TC*, 113 F.3d at 1312. All of the facts upon which the Trustee relies on this issue are supported by the record.

At the hearing on the Trustee's motion on April 9, 2008, the debtors appeared by new counsel, Bernard Weinreb, Esq., who asserted that the motion should be denied on the grounds that the disputes would be resolved within a reasonable period of time, *see* section 1112(b)(2)(A), and that there was a reasonable justification for the debtors' omissions to file the required documents and the omissions would be cured within a reasonable period of time. *See* section 1112(b)(2)(B). Also in opposition to the motion, the debtors submitted the affirmation of Sidney Pal, as vice president of all four debtors, attempting to explain some of the inconsistencies and requesting additional time for two purposes: first, to obtain a "reverse mortgage" on the Lenore

---

[5] Three Real Estate lists Robert Galpern, who holds a $250,000 mortgage, as the sole secured creditor.

[6] In addition to Albany County's property tax claim in the sum of $313,000, Pal Family Credit reports a mortgage against the property held by Basil Yanakakis in the amount of $350,000, and a mechanic's lien in the amount of $120,000. Apart from insider debt, Pal Family Credit reports unsecured claims of about $60,000, a comparatively small amount.

Three Real Estate first reported (aside from insider debt) a single $1,000 unsecured debt to Rachel Feldman; in its amended list of creditors it lists $11,650 of non-insider unsecured debt.

Avenue property in order to pay off the mortgage; and second, to resolve the adversary proceeding against Ticor Title Ins. Co. relating to the Albany Hill property, through which the debtors hoped to obtain sufficient monies to recover the property. *Pal Family Credit Co., Inc. and on behalf of Pal Family Trust 12/26/79 v. Ticor Title Insurance. Co., Ticor Title Guar. Co., and the Estate of Errol Blank, Esq.*, Adv. Proc. No. 07-90110.[7]

After hearing oral argument, Judge Littlefield made his ruling on the record. He first observed, regarding the debtors' proposal to obtain a reverse mortgage, that "there's absolutely no direction as to how and when" that could be accomplished. Further, regarding "the pivotal adversary complaint regarding Ticor," Judge Littlefield stated, upon his analysis of the pleadings, that "it's still a State Court matter, it could still go back, you could still do whatever you want in State Court." He added that all of the bankruptcy actions "really come[] down to two related State court matters": the adversary case against Albany County and the adversary case against Ticor. Judge Littlefield further stated: "This isn't about paying debt, this isn't about saving jobs, this isn't about anything that we ordinarily see in [chapter] 11. This is about two very specific State Court proceedings that have been brought into [chapter] 11[.]"

In addition, Judge Littlefield fully adopted the Trustee's position that the record established cause for dismissal with prejudice based on section 1112(b) and on the ground of bad faith. Citing to *In re C-TC*, Judge Littlefield stated:

> ... Mr. Purcell [the Trustee] is absolutely correct. The *C-TC* factors ... are there. There are no employees, there is no income.... [T]he *C-TC* situation, [section] 1112(b), the paperwork, the reports that have to be filed, all of the grounds Mr. Purcell cites, they are absolutely correct. But even more

---

[7] Judge Littlefield's May 15, 2008 dismissing this proceeding is the subject of the appeal in *Pal Family Credit Co., Inc. v. Ticor Title Ins. Co.*, 1:08-CV-657, discussed below.

> importantly [based on] the facts of these cases [and] the inconsistencies in these cases as pointed out by Mr. Purcell, [t]he Court has absolutely no confidence in the schedules and the pleadings that are before me....

Regarding the conduct of the debtors' principals, he continued: "In effect I have principals that are marching to their own drummer and not following the rules, not following the dictates of this Court and doing whatever they want to do to further their own ends and pursue the State Court matters." Judge Littlefield explained that dismissal of the four chapter 11 cases with prejudice "will solve many of the issues" common to the bankruptcy cases. He held: "For all of the reasons as stated on the record as well as adopting all of Mr. Purcell's reasons, I'm going to grant his motion, but I'm simply going to grant the motion with prejudice for a period of 180 days."

The Court has reviewed the record, including the debtors' schedules, operating reports, and other filings, and the transcript of the April 9, 2008 hearing before Judge Littlefield. There is no error of any material fact.[8] On *de novo* review, the Court concludes that Judge Littlefield's legal analysis and conclusions are correct. Nor is there abuse of discretion in any respect. The appeals in *Pal Family Credit Co., Inc. v. County of Albany and Diana G. Adams, Acting U.S. Trustee*, 1:08-CV-720, and *Three Real Estate Holding Co. v. County of Albany and Diana G. Adams, Acting U.S. Trustee*, 1:08-CV-721 are denied, and the orders appealed from affirmed.

### Appeal No. 1:08-CV-722

*Pal Family Credit Co., Inc. v. County of Albany*, 1:08-CV-722, is an appeal by the Pal debtors from the May 2, 2008 order of Judge Littlefield dismissing without prejudice the adversary proceeding *In re Pal Family Credit Co., Inc. v. County of Albany*, Adv. Proc. No. 06-

---

[8] Appellants argue that Judge Littlefield's valuation of the Albany Hill property at $620,500 is incorrect. Appellants have not established that this valuation is clearly erroneous; in any event, it is not material to the matters before this Court on appeal.

90241. Judge Littlefield based this dismissal on the dismissal of the underlying bankruptcy cases.

The decision whether to retain jurisdiction over an adversary proceeding when the underlying bankruptcy case is dismissed is a matter within the sound discretion of the bankruptcy court. *See In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995). As a general rule, dismissal of an adversary proceeding upon dismissal of the underlying bankruptcy case is favored, because the bankruptcy court's initial exercise of jurisdiction over the adversary proceeding depended upon its nexus to the underlying bankruptcy case. *See id.* Nevertheless, dismissal is not required. *See id.* The *Porges* court noted that "a court must consider four factors in determining whether to continue to exercise jurisdiction: judicial economy, convenience to the parties, fairness and comity." *Id.* at 163. In *Porges*, the Second Circuit upheld the bankruptcy court's retention of jurisdiction over the adversary proceeding, observing that the bankruptcy court "had conducted a trial on all contested issues and had issued a decision, and the matter awaited only the filing of findings of fact and conclusions of law and the entry of a judgment"; therefore, the Second Circuit concluded, dismissal in *Porges* "would have served no useful purpose, ... would have wasted the resources already invested by the parties and the court[,]" and would have been unfair to the creditor. *Id.*

At oral argument on May 14, 2008, Judge Littlefield distinguished *Porges* on the ground that, in the instant adversary proceeding, "we haven't even really started. We've gone nowhere with this." He added that the adversary proceeding "relates to state law causes of action." Review of the bankruptcy court docket in the instant adversary proceeding shows that, after issue was joined, there was some brief motion practice, and Judge Littlefield held a hearing to

determine the value of the Albany Hill property, which he found to be $620,500. The case had not, however, reached trial. Clearly, considerations of judicial economy, convenience to the parties, fairness, and comity fully support dismissal. Even accepting as true Pal Family Credit's contention that Judge Littlefield undervalued the property, this would not warrant a finding that Judge Littlefield's dismissal order was based on an error of fact or law or that it reflected an abuse of discretion. The appeal in *Pal Family Credit Co., Inc. v. County of Albany*, 1:08-CV-722, is denied, and the order appealed from is affirmed.

### Appeal No. 1:08-CV-657

1:08-CV-657, *Pal Family Credit Co., Inc. v. Ticor Title Ins. Co.*, seeks review of Judge Littlefield's order dated May 15, 2008, dismissing for failure to prosecute an adversary proceeding entitled, *Pal Family Credit Co., Inc. and on behalf of Pal Family Trust 12/26/79 v. Ticor Title Insurance. Co., Ticor Title Guarantee Co., and the Estate of Errol Blank, Esq.*, Adv. Proc. No. 07-90110. A review of the bankruptcy court's docket report establishes that Pal Family Credit made virtually no progress in prosecuting this case between its filing on June 14, 2007, and the date of Judge Littlefield's *sua sponte* April 9, 2008 order to show cause why the case should not be dismissed based on the dismissal of the bankruptcy proceedings. In opposition to the order to show cause, Pal Family Credit argued primarily that the adversary proceeding should not be dismissed because the dismissal of the bankruptcy cases might be reversed on appeal.

Dismissal of this case is proper on the ground of failure to prosecute and for the reasons stated above in support of dismissal of the adversary proceeding against Albany County. The appeal in *Pal Family Credit Co., Inc. v. Ticor Title Ins. Co.*, 1:08-CV-657, is denied, and the order appealed from is affirmed.

## Appeal No. 1:08-CV-656

In *Pal Family Credit Co., Inc. v. County of Albany*, 1:08-CV-656, the debtors appeal from Judge Littlefield's May 15, 2008 order denying their May 13, 2008 motion for a stay pending appeal in all four bankruptcy proceedings and in the adversary proceeding, *In re Pal Family Credit Co., Inc. v. County of Albany*, Adv. Proc. No. 06-90241. In denying the motion, Judge Littlefield cited the debtors' failure to satisfy the *Hirschfeld* factors, which are: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir. 1993) (internal quotation marks omitted). Judge Littlefield stated his view that the debtor was not entitled to a stay based on consideration of the *Hirschfeld* factors, particularly on the issues of the possibility of success on the merits, substantial injury to creditors, and the public interest.

This Court has already found that there is no error in the factual findings and legal conclusions underlying Judge Littlefield's order dismissing the four bankruptcy cases. These findings and conclusions fully support the determination that the appellants do not have a substantial possibility of success on appeal from that dismissal order. Nor is there a basis to find that Judge Littlefield erred in dismissing the adversary proceeding against Albany County. Moreover, the interests of Albany County and the public militate against a stay. Judge Littlefield's denial of a stay based on the *Hirschfeld* factors is supported by the record.

Judge Littlefield also held that the motion for a stay should be denied as moot "because there is nothing for this court to stay since the order of dismissal has been entered in each of the

above cases and adversary proceeding." At the May 14, 2008 hearing, he stated: "I am not sure what there is to stay at this point. In effect, the case has been dismissed. I have no further jurisdiction on the case because of the dismissal." He added that, since that the dismissal orders had been appealed, any stay "would be a determination for the District Court." The debtors have not moved in district court for a stay pending the appeals. *See Fed. R. Bankr. P.* 8005. There is no basis to find that Judge Littlefield abused his discretion or erred in any respect in denying the stay motion, nor is there any basis for this Court to exercise its discretion to grant any relief on this appeal. Accordingly, the appeal in *Pal Family Credit Co., Inc. v. County of Albany*, <u>1:08-CV-656</u>, is denied, and the order appealed from is affirmed.

### Appeal No. 1:08-CV-825

*Pal Family Credit Co., Inc. v. Weiskopf*, <u>1:08-CV-825</u>, is an appeal from Judge Littlefield's order dated June 24, 2008, approving the final application of O'Connell & Aronowitz, P.C., for legal fees and disbursements totaling $9,435.75, primarily for the services of Richard H. Weiskopf, Esq. as counsel to the Pal debtors. The fees on appeal cover the period of October 15, 2007 to March 7, 2008. Judge Littlefield had previously approved O'Connell & Aronowitz' interim application for legal fees and disbursements totaling $14,830.86 for the period of December 12, 2006 to October 9, 2007.

Judge Littlefield's June 24, 2008 order cites 11 U.S.C. § 330(a)(3)[9] and states:

> The court finds the hourly rates charged by O & A's [O'Connell &

---

[9] Under 11 U.S.C. § 330(a)(3), in determining the amount of reasonable compensation to be awarded to counsel, the bankruptcy court shall consider the nature, the extent, and the value of the services rendered, taking into account all relevant factors, including the time spent; the rates charged; whether the services were necessary; whether the services were performed within a reasonable amount of time under the circumstances; whether counsel has demonstrated skill and experience in the bankruptcy field; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

> Aronowitz'] attorneys and paraprofessional to be reasonable based upon the experience of the individuals and the customary compensation charged by comparably skilled professionals. The court also finds the time spent on the services rendered appropriate, and the services furnished beneficial to the estate at the time rendered.
>
> The court notes that the Debtors have not objected to the reasonableness of the fees requested. Rather, the Debtors argue the Application should be denied in its entirety because O & A was the cause for the United States Trustee seeking dismissal of their cases. The court finds this argument unavailing. The record establishes it was the actions of the Debtors and related entities and individuals that lead to the dismissal of the Debtors' cases. The Debtors' remaining allegations are inconsistent with the court's observations of what occurred during the pendency of the Debtors' cases in this court.

Judge Littlefield noted also that the United States Trustee, whose duties include reviewing fee applications, *see* 28 U.S.C. § 586(a)(3)(A), did not object to O'Connell & Aronowitz' final fee application.

This Court reviews bankruptcy court's award of attorney's fees for abuse of discretion. *See In re Bayshore Wire Prods*., 209 F.3d 100, 103 (2d Cir. 2000). The Bankruptcy Code affords bankruptcy judges substantial discretion in awarding attorney's fees. *See* 11 U.S.C. § 330. A bankruptcy court abuses or exceeds its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc*., 252 F.3d 163, 169 (2d Cir. 2001) (footnotes omitted).

The Pal debtors raise no legitimate challenge to the reasonableness of the fees. Nor do they point to any incorrect factual finding, error of law, or any other basis to find that Judge Littlefield abused his discretion in making this award. The appeal in *Pal Family Credit Co., Inc. v. Weiskopf*, 1:08-CV-825, is denied, and the order appealed from is affirmed.

## CONCLUSION

It is therefore

ORDERED in 1:08-CV-656, *Pal Family Credit Co., Inc. v. County of Albany*, that the appeal is denied and the order appealed from is affirmed; and it is further

ORDERED in 1:08-CV-657, *Pal Family Credit Co., Inc. v. Ticor Title Ins. Co.*, that the appeal is denied and the order appealed from is affirmed; and it is further

ORDERED in 1:08-CV-720, *Pal Family Credit Co., Inc. v. County of Albany and Diana G. Adams, Acting United States Trustee*, that the appeal is denied and the order appealed from is affirmed; and it is further

ORDERED in 1:08-CV-721, *Three Real Estate Holding Co. v. County of Albany and Diana G. Adams, Acting United States Trustee*, that the appeal is denied and the order appealed from is affirmed; and it is further

ORDERED in 1:08-CV-722, *Pal Family Credit Co., Inc. v. County of Albany*, that the appeal is denied and the order appealed from is affirmed; and it is further

ORDERED in 1:08-CV-825 that the appeal is denied and the order appealed from is affirmed.

IT IS SO ORDERED.

Date:   February 25, 2010
        Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge